UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE BAHRAKIS, ET AL.,

    Plaintiffs,

v.                                            Case No.  8:19-cv-2948-T-24 SPF

ERIC ZIMMERMAN, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Defendants' Petition for Mandatory Remedies under the Mediation Act (Doc. No. 4), which Plaintiffs oppose (Doc. No. 7); and (2) Plaintiffs' Motion to Replead, Compel an Amended Answer, or Set a Hearing (Doc. No. 9), which Defendants oppose (Doc. No. 10).  As explained below, Defendants' motion is granted, and Plaintiffs' motion is denied.

**I.  Motion for Relief Under the Mediation Act**

Plaintiffs filed suit against Defendants, alleging violations of the Florida Mobile Home Act, federal and Florida civil RICO statutes, the ADA, the Fair Housing Act, and Florida's Deceptive and Unfair Trade Practices Act.  (Doc. No. 1).  In their complaint, Plaintiffs refer to a 2018 Long Term Agreement ("LTA") that Defendants presented during the parties' 2018 lot rent increase mediation.  (Doc. No. 1, ¶ 39-48, Ex. D).  That agreement was not executed by the parties, and the mediation failed to resolve their dispute.

Because Plaintiffs reference, attach, and sue upon the proposed 2018 LTA that was produced during mediation, Defendants filed the instant motion for mediation sanctions due to Plaintiffs' violation of mediation confidentiality.  Specifically, Defendants contend that the

Florida Mobile Home Act, Florida Statute § 723.038(8), creates a privilege to protect and maintain the confidentiality of pre-suit mediation. Additionally, Defendants argue that Florida's Mediation Confidentiality and Privilege Act ("Mediation Act"), Florida Statute §§ 44.401-06, governs the parties' 2018 mediation, because the mediation was conducted by a Florida Supreme Court-certified mediator.

The Mediation Act provides that "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." Fla. Stat. § 44.405(1). The Mediation Act further provides for mandatory civil remedies, including equitable relief, compensatory damages, and attorney's fees and costs, against any mediation participant who knowingly and willfully discloses a mediation communication. Fla. Stat. § 44.406(1). Inclusion of mediation statements in public court filings is a violation of the Mediation Act. See Leigh v. Avossa, 2017 WL 3608244, at *2 (S.D. Fla. Aug. 21, 2017).

Plaintiffs argue that the LTA proposed at the 2018 mediation is not subject to the confidentiality provisions of the Mediation Act because: (1) the pre-suit mediation was voluntary, and therefore, the Mediation Act does not apply; and (2) the proposed 2018 LTA was used in the commission of, or the attempt to commit, a crime. The Court rejects these arguments.

The mediation Act applies to all mediations conducted by a mediator certified by the Florida Supreme Court, unless the parties specifically agree not to be bound by it. Fla. Stat. § 44.402(c). Plaintiffs do not allege any such agreement between the parties. Therefore, the Mediation Act applies to the parties' voluntary pre-suit mediation.

As to Plaintiffs' other argument, it is true that the confidentiality provisions of the Mediation Act do not attach to any mediation communication "[t]hat is willfully used to plan a crime, commit or attempt to commit a crime, conceal ongoing criminal activity, or threaten

2

violence." Fla. Stat. § 44.405(4)(a)(2).  However, Plaintiffs have not shown that the proposed 2018 LTA was used to commit, attempt, or conceal a crime.  Although Plaintiffs' complaint alleges RICO violations, nothing in Plaintiffs' complaint shows that the proposed 2018 LTA involved a crime.

Plaintiffs argue that the proposed LTA violated provisions of the Florida Mobile Home Act, but they only make conclusory statements that the proposed 2018 LTA was criminal or fraudulent.  The Florida Mobile Home Act permits civil remedies for violations; it is not a criminal statute.  In addition, the proposed LTA was never signed and never took effect.  The Court cannot conclude that the alleged violations of a regulatory statute in a proposed LTA were in any way criminal.

Accordingly, the Court finds that Plaintiffs' references in the complaint to the proposed 2018 LTA that was presented at the parties' pre-suit mediation (as well as the attachment of the document to the complaint) violate the confidentiality protection afforded to mediation by the Mediation Act.  The Court further finds that sanctions are warranted under Florida Statute § 44.406(1).

Defendants argue for wide-ranging sanctions, including dismissal of the complaint and/or disqualification of Plaintiffs' attorney and the named Plaintiffs, as well as monetary sanctions.  The Court has considered the nature of the violation and the available remedies and concludes that dismissal and disqualification are not proportional to the violation and that lesser sanctions will suffice.

Accordingly, the Court will strike all references to the proposed 2018 LTA from the complaint and will also strike its attachment to the complaint.  In addition, the Court awards Defendants their reasonable attorneys' fees and costs incurred in connection with bringing their

motion. Defendants shall file a properly documented motion for fees and costs by May 15, 2020, to which Plaintiffs may file a response.

## II. Motion to Replead or Compel an Amended Answer

Plaintiffs filed a motion asking the Court to direct Defendants to replead their petition for mediation sanctions as a motion or a counterclaim, rather than calling it a petition. Plaintiffs are elevating form over substance. The Court treated the filing as a motion, Plaintiffs filed a response to it, and the Court has ruled on it. There is no need for Defendants to replead or for this Court to hold a hearing on the matter, which would have increased the parties' attorneys' fees. Therefore, this motion is denied.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendants' Petition for Mandatory Remedies under the Mediation Act (Doc. No. 4) is **GRANTED:**

(a)  The Court **STRIKES** all references to the proposed 2018 LTA from the complaint.

(b)  The Clerk is directed to remove the image of Exhibit D to the complaint

(c)  The Court awards Defendants their reasonable attorneys' fees and costs incurred in connection with their motion for mandatory remedies under the Mediation Act. Defendants shall file a properly documented motion for fees and costs by May 15, 2020, to which Plaintiffs may file a response within 14 days thereafter.

(2)  Plaintiffs' Motion to Replead, Compel an Amended Answer, or Set a Hearing (Doc. No. 9) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 20th day of April, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record