UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE BAHRAKIS, ET AL.,

       Plaintiffs,

v.                                                   Case No. 8:19-cv-2948-T-24 SPF

ERIC ZIMMERMAN, ET AL.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion for Award of Attorneys' Fees (Doc. No. 33) relating to their Petition for Mandatory Remedies under the Mediation Act (Doc. No. 4). Defendants have supplemented their motion (Doc. No. 36), and Plaintiffs oppose the motion (Doc. No. 37). As explained below, Defendants' motion is granted in part.

**I. Background**

Plaintiffs filed suit against Defendants, alleging violations of the Florida Mobile Home Act, federal and Florida civil RICO statutes, the ADA, the Fair Housing Act, and Florida's Deceptive and Unfair Trade Practices Act. (Doc. No. 1). In their complaint, Plaintiffs referred to a 2018 Long Term Agreement ("LTA") that Defendants presented during the parties' 2018 lot rent increase mediation. (Doc. No. 1, ¶ 39-48, Ex. D). That agreement was not executed by the parties, and the mediation failed to resolve their dispute.

Because Plaintiffs referenced, attached, and sued upon the proposed 2018 LTA that was produced during mediation, Defendants moved for mediation sanctions due to Plaintiffs'

violation of mediation confidentiality.[1]  The Court granted Defendants' petition, found that sanctions were warranted under Florida Statute § 44.406(1), and awarded Defendants their reasonable attorneys' fees and costs incurred in connection with bringing their petition.

## II.  Motion for Attorneys' Fees Incurred in Connection with the Petition

Defendants seek an award of $27,739 for what they contend is the amount of reasonable attorneys' fees that they incurred in connection with their petition.  The Florida Supreme Court has adopted the federal lodestar approach for determining the amount of reasonable attorneys' fees.  See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985).  The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.[2]  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted).  Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Id. at 1303 (citation omitted).

---

[1] Florida's Mediation Confidentiality and Privilege Act, Florida Statute §§ 44.401-06, governed the parties' 2018 mediation, because the mediation was conducted by a Florida Supreme Court-certified mediator.  Florida's Mediation Confidentiality and Privilege Act provides for mandatory civil remedies, including equitable relief, compensatory damages, and attorney's fees and costs, against any mediation participant who knowingly and willfully discloses a mediation communication.  Fla. Stat. § 44.406(1).  Inclusion of mediation statements in public court filings is a violation of the Mediation Act.  See Leigh v. Avossa, 2017 WL 3608244, at *2 (S.D. Fla. Aug. 21, 2017).

[2] The twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), may also be relevant considerations for determining the lodestar amount: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  However, these "factors are largely redundant to the lodestar analysis because they are almost always subsumed in the lodestar."  In re Home Depot Inc., 931 F.3d 1065, 1091 (11th Cir. 2019).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted).  An applicant may meet its burden of establishing a reasonable hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id.  In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304.  Plaintiffs do not argue that the rates charged by Defendants' attorneys are not reasonable, and given counsel's background and experience, the Court finds that their rates are reasonable.

In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours. See id. at 1301 (citation omitted). Plaintiffs argue that the 64.8 attorney hours spent in connection with the petition are excessive, unnecessary, and redundant; the Court agrees.

The Court notes that a nearly identical petition was pursued in a similar case litigated by the same counsel in the Southern District of Florida,[3] wherein Defendants sought an attorneys' fee award for 97.2 hours of work.  In the instant case, Defendants state that "the time spent researching the issues related to the Petition has been allocated evenly between the two cases." (Doc. No. 33, p. 7). This Court agrees with the Southern District of Florida court's rejection of Defendants' billing judgment with respect to the hours expended and the division of the work between the associate attorney and the partner attorneys that billed at a much higher rate.  (Case Number 19-81532, Doc. No. 44).  This Court has reviewed the billing entries in this case and finds that a reasonable amount of time expended in connection with Defendants' petition should

---

[3] Drummond v. Zimmerman, 19-81532-CIV-Singhal

not have exceeded 32 hours.  Furthermore, the Court concludes that proper billing judgment would dictate that the associate attorney should have been assigned and expended no more than 26 hours researching and drafting the petition and that the partners should have spent no more than 6 hours reviewing and editing the associate attorney's work.

Based on the above, the Court finds that Defendants should be awarded $9,700 in attorneys' fees based on the following:

| Attorney | Hourly Rate | Reasonable Number of Hours | Total Fees |
|---|---|---|---|
| J. Allen Bobo - Partner | $400 | 3 | $1,200 |
| Mahlon Barlow - Partner | $450 | 3 | $1,350 |
| Ali Mirghahari - Associate | $275 | 26 | $7,150 |
| **TOTAL** | | | **$9,700** |

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion for Award of Attorneys' Fees (Doc. No. 33) is **GRANTED to the extent that** the Court award Defendants $9,700 in attorneys' fees in connection with their petition.  Plaintiffs and their counsel are jointly and severally liable for the payment of this attorney fee award.

DONE AND ORDERED at Tampa, Florida, this 17th day of July, 2020.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4