UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE BAHRAKIS, ET AL.,

        Plaintiffs,

v.                                          Case No. 8:19-cv-2948-T-24 SPF

ERIC ZIMMERMAN, ET AL.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion for Award of Attorneys' Fees (Doc. No. 34) due to the Court's dismissal of Plaintiffs' claims (Doc. No. 28, 30, 31). Defendants have supplemented their motion (Doc. No. 36), and Plaintiffs oppose the motion (Doc. No. 37). As explained below, Defendants' motion is granted in part.

**I.  Background**

Plaintiffs filed suit against Defendants, alleging violations of the Florida Mobile Home Act ("FMHA"), federal and Florida civil RICO statutes, the ADA, the Fair Housing Act, and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. No. 1). Defendants moved to dismiss the complaint, arguing that the complaint was a shotgun pleading, there were deficiencies in Plaintiffs' allegations of standing, and the claims were not sufficiently pled. This Court granted the motion to dismiss (Doc. No. 28), concluding that the complaint was a shotgun pleading subject to dismissal and that the claims were not sufficiently pled. The Court dismissed the following claims with prejudice: (1) two of the RICO claims asserted against the Lawyer

Defendants;[1] (2) the FDUTPA claim; (3) the FMHA claim asserted against the Lawyer Defendants; and (4) the FMHA claim asserted against the Park Defendants[2] to the extent that the claim was based on the transfer of the Park.  The Court found that Plaintiffs failed to sufficiently allege their standing to assert their ADA claim, their Fair Housing Act claim, and all claims in which the Homeowners Association sought damages.  The Court granted Plaintiffs leave to amend their complaint to correct the insufficient pleading of the claims that were dismissed without prejudice.

Plaintiffs chose to voluntarily dismiss their remaining claims rather than to amend their complaint.  (Doc. No. 30).  Plaintiffs stated that they intended to pursue their remaining state claims in state court.  (Doc. No. 30).  The Court allowed Plaintiffs to voluntarily dismiss their claims, and in response, Defendants filed the instant motion for attorneys' fees.

## II.  Motion for Attorneys' Fees

Defendants seek an award of $63,587.50 for what they contend is the amount of reasonable attorneys' fees that they incurred in connection with the Florida claims that were dismissed, both with prejudice and without prejudice.  Before determining the amount of attorneys' fees to be awarded, the Court first analyzes Defendants' entitlement to attorneys' fees.

### A.  Entitlement to Attorneys' Fees

Defendants argue that they are prevailing parties entitled to an award of attorneys' fees that they incurred in connection with the Florida claims that were dismissed, both with prejudice and without prejudice.  Thus, they contend that they are entitled to attorneys' fees generated by

---

[1] The Lawyer Defendants consist of Joseph Allen Bobo and his law firm, Lutz, Bobo and Telfair, P.A.

[2] The Park Defendants consist of Eric Zimmerman, Stanley Martin, Rene Scott, Sydney Morris, Harbor View MHC, L.L.C., Equity LifeStyle Properties, Inc., and MHC Operating Limited Partnership.

2

the following claims: the Florida RICO claims, the FDUTPA claim, the FMHA claim, and the civil theft claim.[3] Accordingly, the Court analyzes Defendants' entitlement to attorneys' fees below.

### 1.  Claims Dismissed Without Prejudice

Defendants contend that they are the prevailing parties as to the Florida claims dismissed without prejudice, because Plaintiffs decided to voluntarily dismiss (rather than amend) their complaint in this Court and this case is now closed.  The Court agrees with Defendants that this makes them the prevailing parties as to the Florida claims.  See Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., 572 Fed. Appx. 796, 801 (11th Cir. 2014)(stating that the defendant was the prevailing party under Florida law due to the dismissal of the claims against it, even though the dismissal was without prejudice); Rabco Corp. v. Steele Plaza, LLC, 2018 WL 7982921, at *3 (M.D. Fla. Aug. 9, 2018)(stating that under Florida law, a defendant can be the prevailing party when the case against it is dismissed without prejudice even though there is no decision on the merits of the claims); Thornber v. City of Forth Walton Beach, 568 So. 2d 914, 919 (Fla. 1990)(stating that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party" as long as there is "some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed"); Alhambra Homeowners Assoc., Inc. v. Asad, 943 So. 2d 316, 317 (Fla. 4th DCA 2006)(holding "that a defendant is entitled to recover attorney's fees under a statute awarding fees to the prevailing party in litigation after the plaintiff took a voluntary dismissal without prejudice" and that such rule applies even if the plaintiff subsequently re-files an identical lawsuit).

---

[3] Defendants do not argue that they are entitled to attorneys' fees incurred in connection with the ADA and Fair Housing Act claims.

### 2. Florida RICO Claims

The Court dismissed the Florida RICO claims against Defendants. The Court dismissed Counts I and II against the Lawyer Defendants with prejudice, and the Court dismissed the remaining Florida RICO claims against all Defendants without prejudice. Defendants are the prevailing parties as to the Florida RICO claims and seek attorneys' fees pursuant to Florida Statute § 772.104.

Section 772.104(3) provides that a defendant is entitled to recover reasonable attorneys' fees "upon a finding that the claimant raised a claim which was without substantial fact or legal support." The Court finds that Plaintiffs' RICO claims were asserted without a substantial factual or legal basis. Specifically, by dismissing the Florida RICO claims in Counts I and II against the Lawyer Defendants with prejudice, the Court implicitly found that such claims were made without any substantial basis in law or fact. See Hartford Ins. Co. of the Midwest v. Miller, 681 So. 2d 301, 302 (Fla. 3d DCA 1996)(stating that defendants are entitled to attorneys' fees under § 772.104 when the civil RICO counts asserted against them were dismissed with prejudice). Likewise, with respect to the Florida RICO claims that the Court dismissed without prejudice, the Court specifically stated in its dismissal order that "based on [the] allegations as a whole, the Court doubts that Plaintiffs will be able to state a RICO claim." (Doc. No. 28, p. 10). Accordingly, the Court concludes that Defendants are entitled to their attorneys' fees incurred in connection with the Florida RICO claims, because such claims were asserted without a substantial factual or legal basis.

### 3. FDUTPA Claim

This Court dismissed the FDUTPA claim asserted against Defendants with prejudice. Defendants argue that they are entitled to prevailing party attorneys' fees pursuant to Florida Statute § 501.2105. Section 501.2105(1) allows the court to award attorneys' fees to the

4

prevailing party after judgment is entered and all appeals are exhausted. Judgment was entered in this case on July 13, 2020 (Doc. No. 39), and the time for filing an appeal expired on August 12, 2020.

An award of attorneys' fees under § 501.2105(1) is discretionary. See Humane Society of Broward County, Inc. v. Florida Humane Society, 951 So. 2d 966, 968 (Fla. 4th DCA 2007). Upon consideration, the Court concludes that Defendants should be awarded their attorneys' fees in connection with the FDUTPA claim.

### 4. FMHA Claim

The Court dismissed the FMHA claim with prejudice as to the Lawyer Defendants, and the Court dismissed part of this claim with prejudice and part without prejudice as to the Park Defendants. Defendants move for their attorneys' fees pursuant to Florida Statute § 723.068, which provides attorneys' fees to the prevailing party. An award of attorneys' fees to the prevailing party is mandatory under § 723.068. See Vidibor v. Adams, 509 So. 2d 973, 974 (Fla. 5th DCA 1987). Accordingly, Defendants are entitled to their attorneys' fees in connection with the FMHA claim.

### 5. Civil Theft Claim

The Court dismissed the civil theft claim against Defendants without prejudice due to Plaintiffs' failure to respond to Defendants' motion to dismiss directed at this claim. The Court stated in its dismissal order that it construed Plaintiffs' silence in response to Defendants' motion directed at this claim to be a concession that the claim is insufficient. (Doc. No. 28, p. 17).

Defendants move for their attorneys' fees as the prevailing party pursuant to Florida Statute § 772.11, which provides that a defendant is entitled to recover reasonable attorneys' fees "upon a finding that the claimant raised a claim which was without substantial fact or legal support." Given that Plaintiffs failed to respond to Defendants' motion to dismiss directed at this

5

claim, the Court concludes that Plaintiffs asserted this claim without a substantial basis in law or fact. Accordingly, the Court finds that Defendants are entitled to attorneys' fees in connection with the civil theft claim.

### B. Amount of Attorneys' Fees

Having determined that Defendants are the prevailing parties entitled to attorneys' fees on the Florida claims, the Court next determines the reasonable amount of those fees to be awarded. The Florida Supreme Court has adopted the federal lodestar approach for determining the amount of reasonable attorneys' fees. See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.[4] Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar

---

[4] The twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), may also be relevant considerations for determining the lodestar amount: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. However, these "factors are largely redundant to the lodestar analysis because they are almost always subsumed in the lodestar." In re Home Depot Inc., 931 F.3d 1065, 1091 (11th Cir. 2019).

circumstances or submitting opinion evidence of reasonable rates.  See id.  In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services.  See id. at 1304.  Plaintiffs do not argue that the rates charged by Defendants' attorneys are not reasonable, and given counsel's background and experience, the Court finds that their rates are reasonable.

In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours.  See id. at 1301 (citation omitted).  Plaintiffs fail to address the reasonableness of the hours expended on the litigation; however, the Court has reviewed the billing records and finds that certain reductions should be made.

Defendant seeks reimbursement for 154.8 attorney hours and 3.1 paralegal hours.  (Doc. No. 34-1).  However, Defendants have already sought reimbursement for the hours billed by attorneys Mahlon Barlow and Ali Mirghahari through January 23, 2020 in their Motion for Attorneys' Fees (Doc. No. 33) filed in connection with their Petition for Mandatory Remedies under the Mediation Act.  As such, the Court eliminates those 15 hours, along with the 3.2 hours spent on February 7, 2020 in connection with the Petition for Mandatory Remedies under the Mediation Act.  Likewise, the Court reduces J. Allen Bobo's total hours by 27 and his paralegal's hours by 1.5, as Defendants have already sought reimbursement for these hours in the other attorneys' fees motion.  As such, the hours reasonably expended by defense counsel, based on the billing records before the Court and excluding the hours expended in connection with their Petition for Mandatory Remedies under the Mediation Act, is set forth below:

| Attorney/Paralegal | Hourly Rate | Reasonable Number of Hours | Total Fees |
|---|---|---|---|
| J. Allen Bobo - Partner | $400 | 20.9 | $8,360 |
| Mahlon Barlow - Partner | $460 | 63.2 | $29,072 |
| Ali Mirghahari - Associate | $275 | 25.5 | $7,012.50 |
| Paralegal Linda Pestano | $110 | 1.6 | $176 |
| TOTAL | | | **$44,620.50** |

Based on the above, the lodestar amount is $44,620.50. However, counsel's time entries did not always specify which claims the work was connected to,[5] and Defendants are not entitled to attorneys' fees in connection with the federal claims—the federal RICO claims in Counts I-IV, the ADA claim in Count VI, and the Fair Housing Act claim in Count IX. The ADA and Fair Housing Act claims were not so closely related to the Florida claims to justify including hours expended on those claims within the attorneys' fee award. Accordingly, the Court will reduce the lodestar amount by 15% to account for time spent on these unrelated claims. After that reduction, the Court finds that an attorneys' fee award of $37,927.43 is just and reasonable.

---

[5] For example, some time entries state that the work was done in connection with the motion to dismiss. Yet, the motion to dismiss was directed at all of the claims. Likewise, two of Bobo's entries include work done in connection with the ADA claim as well as other compensable work. Defendants submitted the affidavit of Joseph Geary as to the reasonableness of the amount of fees sought, and Geary also concluded that a 15% reduction was necessary to account for work done in connection with the unrelated claims. (Doc. No. 36, ¶ 29, 30).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion for Award of Attorneys' Fees (Doc. No. 34) is **GRANTED** to the extent that the Court awards Defendants $37,927.43 in attorneys' fees.

DONE AND ORDERED at Tampa, Florida, this 14th day of August, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record