UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE BAHRAKIS, ET AL.,

        Plaintiffs,

v.                                                  Case No.  8:19-cv-2948-T-24 SPF

ERIC ZIMMERMAN, ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion for Entry of Order to Show Cause Why Daniel Perry, Esq. Should Not Be Held in Contempt for Failure to Pay Sanction. (Doc. No. 42).  Perry opposes the motion.  (Doc. No. 42).  Upon the Court's request, Defendants have filed a reply.  (Doc. No. 35).  As explained below, the motion is granted in part.

**I.  Background**

Plaintiffs filed suit against Defendants, alleging violations of the Florida Mobile Home Act, federal and Florida civil RICO statutes, the ADA, the Fair Housing Act, and Florida's Deceptive and Unfair Trade Practices Act.  (Doc. No. 1).  In their complaint, Plaintiffs referred to a 2018 Long Term Agreement ("LTA") that Defendants presented during the parties' 2018 lot rent increase mediation.  (Doc. No. 1, ¶ 39-48, Ex. D).  That agreement was not executed by the parties, and the mediation failed to resolve their dispute.

Because Plaintiffs referenced, attached, and sued upon the proposed 2018 LTA that was produced during mediation, Defendants moved for mediation sanctions due to Plaintiffs'

violation of mediation confidentiality.[1]  The Court granted Defendants' petition, found that sanctions were warranted under Florida Statute § 44.406(1), and awarded Defendants their reasonable attorneys' fees and costs incurred in connection with bringing their petition.  (Doc. No. 27).

The Court directed Defendants to file a motion for attorneys' fees incurred in connection with their motion for mandatory remedies under the Mediation Act.  (Doc. No. 27).  Thereafter, on July 17, 2020, the Court granted Defendants' motion in part and awarded Defendants $9,700 in attorneys' fees incurred in connection with bringing their petition.  (Doc. No. 40).  The Court stated that Plaintiffs and their counsel, Perry, were jointly and severally liable for the payment of the attorneys' fee award.  (Doc. No. 40).

## II.  Motion for Entry of Order to Show Cause

On September 4, 2020, Defendants filed the instant motion asking the Court to issue an Order to Show Cause to Perry due to his failure to pay the attorneys' fee award.  Defendants stated that they emailed Perry three times asking for payment (and attached the emails to their motion), but Perry failed to respond to the emails.

In response to the motion, Perry mailed Defendants a check for $9,700, which was delivered to Defendants on September 18, 2020.  Perry contends that he was waiting for this Court to enter a separate judgment for the attorneys' fee award, because the Southern District of Florida court in a related case stated that it would enter a separate judgment.  However, he fails to explain why he did not specifically respond to any of Defendants' three emails in this matter, which necessitated Defendants' motion and this Court's involvement.

---

[1] Florida's Mediation Confidentiality and Privilege Act, Florida Statute §§ 44.401-06, governed the parties' 2018 mediation, and it provides for mandatory civil remedies, including equitable relief, compensatory damages, and attorney's fees and costs, against any mediation participant who knowingly and willfully discloses a mediation communication.  Fla. Stat. § 44.406(1).

Upon consideration, the Court will not hold Perry in contempt, but it will require him to pay Defendants their attorneys' fees incurred in filing the motion and reply. Defendants contend that counsel expended three hours in connection with the filing of the motion and reply and should be awarded attorneys' fees at a rate of $450 per hour for their time. In the reply brief, Defendants state that two hours of work was done in connection with the motion, and one hour was done in connection with the reply brief. While the Court will award Defendants their attorneys' fees for three hours of time expended on this matter, not all of that time will be awarded at the rate of $450 per hour. The motion was signed and filed by the associate, whose billing rate is $275. The reply brief was signed and filed by the partner, whose billing rate is $450.[2] Thus, the Court awards Defendants $1,000 in attorneys' fees ($275 x 2 hours; $450 x 1 hour).

### III.  Conclusion

Based on the above, it is ORDERED AND ADJUDGED that:

(1) Defendants' Motion for Entry of Order to Show Cause Why Daniel Perry, Esq. Should Not Be Held in Contempt for Failure to Pay Sanction (Doc. No. 42) is **DENIED to the extent** that the Court will not hold Perry in contempt. The motion is **GRANTED** to the extent that the Court awards Defendants $1,000 in attorneys' fees incurred in connection with the filing of this motion.

(2) Perry is solely liable for the $1,000 attorneys' fee award and must make payment to Defendants by *October 9, 2020*. No further judgments will be entered in connection with this attorneys' fee award.

---

[2] The Court examined the reasonableness of the billing rates of defense counsel in Document Number 40.

DONE AND ORDERED at Tampa, Florida, this 23rd day of September, 2020.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record